**Charles James McNEAL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV.A. 1:96–CV–201.**

United States District Court, N.D. West Virginia.

Sept. 25, 1997.

---

Charles James McNeal, Morgantown, WV, pro se.

William D. Wilmoth, United States Attorney, Patrick M. Flatley, Assistant United States Attorney, Wheeling, WV, Darrel Waugh, Mid–Atlantic Regional Office, Federal Bureau of Prisons, Annapolis Junction, MD, for defendant.

## MEMORANDUM OPINION AND ORDER

KIDD, Senior District Judge.

Pending before the Court is a motion to dismiss or, in the alternative, for summary judgment filed by the defendant, pursuant to Rule 56, Federal Rules of Civil Procedure. After receiving his *Roseboro*[1] notice, plaintiff Charles James McNeal filed his response to which the defendant replied. Said motion is ripe for disposition.

McNeal, an incarcerated inmate at FCI Morgantown, West Virginia, brings this negligence action under the Federal Torts Claim Act, 28 U.S.C. § 2671 ("FTCA"). McNeal claims that the tuberculosis ("TB") bacteria to which he was exposed at FCI Morgantown was due to the negligence of the Bureau of Prisons and its employees ("BOP") by failing to identify and isolated inmates with TB from the general prison population. The BOP denies that it breached the duty of care owed to McNeal under West Virginia law,[2] namely one of reasonable care not to expose inmates to disease.

It is uncontested that McNeal tested negative for the TB bacteria upon his commitment to the BOP on October 8, 1991, and subsequently, on November 8, 1995, tested positive for the TB bacteria.[3] However, it is also uncontested that a chest x-ray of McNeal taken on November 14, 1995, after the positive test, was negative for TB. Further, McNeal's chest x-ray taken on October 17, 1996, was likewise negative. Finally, McNeal has made no complaints of any symptoms consistent with TB, such as cough, fever, chills, night sweats, and hemoptysis.

Under the BOP's TB policy, all new inmates are administered the PPD test in order to "detect cases of infectious tuberculosis early and render them noninfectious by isolation and prompt treatment protocols which conform to CDC guidelines." On or about July 1, 1995, the BOP amended its TB policy to require mandatory annual PPD tests for all inmates. Once an inmate tests positive under the PPD, a thorough medical history and physical examination are made and a chest x-ray is taken. If the inmate is suspected of having TB, he is "immediately medically isolated" and either treated locally or transferred to a BOP medical facility. If the inmate does not have TB but only tests positive to the PPD, the inmate is counseled, provided prophylactic medications, and continuously monitored with yearly chest x-rays. However, because the inmate is not infected with TB, he cannot transmit the disease. Therefore, the inmate resides in the general population.[4]

---

1. *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975).

2. The Court uses the law of West Virginia because liability is defined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

3. The purified protein derivative test ("PPD") checks for exposure to the TB bacteria. Howev-

er, a positive PPD test does not constitute a diagnosis of TB. TB is diagnosed by chest x-ray. A positive PPD test with a negative chest x-ray shows only that a person has been exposed to TB. The person does not have TB and cannot transmit TB. *See, e.g., Karlovetz v. Baker,* 872 F.Supp. 465, 466 (N.D.Ohio 1994).

4. It should be noted that BOP staff are also included in the BOP's TB policy.

It is clear that the BOP did not breach the duty of reasonable care owed to McNeal to prevent his exposure to TB. The BOP's TB regulations are clearly designed to prevent exposure of inmates to TB, under protocols which conform to CDC guidelines. These regulations were fully implemented and administered at FCI Morgantown by the BOP's employees, generally in regard to all inmates, and specifically in regard to McNeal. No inmate at FCI Morgantown has TB, including McNeal.[5] The BOP has acted reasonably to prevent all inmates, including McNeal, from being exposed to TB. It is unfortunate that McNeal was apparently exposed to TB at FCI Morgantown, but it was not due to the negligence of the BOP.[6]

Having found that McNeal has failed to establish an essential element of his negligence action, namely breach of duty, on which he bears the burden of proof at trial, the Court hereby GRANTS the defendant's motion for summary judgment and hereby DISMISSES this action with prejudice. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)

It is so ORDERED.

Judgment shall be entered accordingly, and this action shall be dismissed and removed from the docket of the Court.

---

**5.** The BOP seeks dismissal of McNeal's complaint due to the fact that he has no symptoms of TB. Without physical harm, a prisoner may not bring an action under the FTCA. 28 U.S.C. § 1346(b)(2). However, the Court does not reach this issue, having found that there was no breach of duty by the BOP.

**6.** The BOP noted that McNeal's exposure to TB, being an airborne contagion, could have been from several contact sources such as employees, volunteers, visiting rooms, and other inmates who have been on furloughs or community medical trips.